UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUFFY RAYMOND DASHNER,<br><br>Defendant. | Case No.  12-cr-00646-SI-1<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On June 2, 2015, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning June 22, 2015.   Plaintiff was represented by counsel.  Defendant Dashner appeared *pro se,* representing himself; attorney Martin Sabelli was present as standby counsel.  The following matters were resolved:

1.      **Trial schedule**: The parties expect that the case will take two weeks to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

2.      **Number of jurors and challenges**:  There shall be a jury of twelve members, plus four alternate jurors.  The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

**3.** <u>**Voir dire**</u>:  The court will conduct voir dire.

**4.** <u>**Jury instructions**</u>: The Court received proposed jury instructions from the government.  The Court has requested the parties to prepare brief substantive instructions to provide to the jury before the trial, with the other procedural preliminary instructions.

5. <u>**Trial exhibits**</u>:  No later than June 19, 2015, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6. <u>**Motions in limine**</u>.

Plaintiff filed the following motions and notices:

<u>**Government Motion 1 (Docket No. 135):**</u>  The government seeks to admit records of regularly conducted activity, to be admitted without calling a record custodian as witness at trial. The documents the United States seeks to admit through certifications include bank account statements of Mark Maness and Duffy Dashner; shopper ID information belonging to Duffy Dashner; domain information; PayPal account information for Mark Maness and O.I.D. Process; and email subscriber information for Mark Maness and Duffy Dashner.  The government moves the Court for an order *in limine* stating that the United States has met the requirements of Rules 902(11) and 803(6) and that the records identified are self-authenticating and not hearsay.

Federal Rule of Evidence 902 provides that certain items of evidence "are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted," including the following certified domestic records of a regularly conducted activity:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court.  Before the trial or hearing, the proponent must give an adverse party

United States District Court
Northern District of California

reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

Fed. R. Evid. 902(11).

Rule 803(6) provides an exception to the hearsay rule for records of regularly conducted activity if:

(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and]
(C) making the record was a regular practice of that activity;

The government states that it has provided notice to defendant of its intent to introduce certain records, has provided the underlying evidence and copies of the certifications to defendant and will continue to provide additional certifications to defendant as they are provided to the United States.  However, the government has not provided copies of the underlying evidence or certifications to the Court.  If and when it does, and if the certification is of a qualified person, and establishes that the proffered evidence was made at or near the time by, or from information transmitted by, someone with knowledge; was kept in the course of the regularly conducted activity of a business, and making the record was a regular practice of that activity, then the motion will be granted.

**Government Motion 2 (Docket No. 138): Motion to Exclude Evidence of the Law:**
The United States brings this motion in effort to establish the contours of the evidence that should be admissible at trial in the event that defendant seeks to pursue a defense based on a good faith misunderstanding of the law.  The government argues that defendant should be prohibited from arguing that the law is other than as given by the Court, or is otherwise incorrect, invalid or unconstitutional, and from introducing legal evidence (statutes, case law, legal treatises, other

United States District Court
Northern District of California

materials) unless he lays a proper foundation showing that he relied on those materials in forming his understanding of the law; otherwise, plaintiff argues, such evidence is irrelevant or its probative value is substantially outweighed by the danger of unfair prejudice or confusion.

The Ninth Circuit has explained that "in a criminal tax case, a district court may exclude evidence of what the law *is* or *should be*." *United States v. Kahre*, 737 F.3d 554, 576 (9th Cir. 2013) (citations omitted). In contrast "evidence relevant to the jury's determination of what the defendant *thought the law was*" ordinarily cannot be excluded "because willfulness is an element of the offense." *Id.* "Legal materials upon which the defendant does not claim to have relied, however, can be excluded as irrelevant and unnecessarily confusing because only the defendant's subjective belief is at issue: the court remains the jury's sole source of the law." *Id.* (quoting *United States v. Powell*, 955 F.3d 1206, 1214 (9th Cir. 1992)).

The government suggests that defendant may attempt to introduce documents or testimony seeking to convince the jury that individuals really do have secret accounts maintained by the Department of Treasury which can be accessed through tax returns. The United States seeks such evidence to be excluded as irrelevant.

The motion is granted, as follows: The Court's instructions will inform the jury of what the law is in this case. If defendant testifies, he may explain what his belief about the applicable law is or was. Otherwise, no witnesses may introduce evidence of the law in this case.

**Government Motion 3 (Docket No. 139): Motion in Limine Regarding Evidence of Good Faith:** The government moves the Court to prohibit defendant from eliciting hearsay testimony or introducing hearsay evidence about his good faith belief about the nature of tax law, the financial system and use of the 1099-OID forms through lay opinion testimony or hearsay.

--**Lay Opinion Testimony:** The government intends to call as witnesses several

4

former clients of O.I.D. Process and individuals who assisted defendant in the operation of O.I.D. Process. The government suggests that defendant may, during cross-examination of government witnesses, attempt to elicit opinion testimony about the sincerity of defendant's beliefs. The government urges the Court to preclude such lay opinion testimony pursuant to Rules 701(b) and 403 and to preclude defendant from eliciting any self-serving hearsay.

When the issue is a party's knowledge, in most instances, lay opinion will not meet the requirements of Rule 701. *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992); *United States v. Hauert*, 40 F.3d 197, 200 (7th Cir. 1994). Lay opinion testimony offered to show a defendant's knowledge or lack thereof about filing tax returns or to support a defendant's "good faith" defense is excludable. *Hauert*, 40 F.3d at 201. The ultimate question is "whether the evidence would be helpful to a clear understanding of the issues by a jury." *Id*. (citations omitted). In most instances, lay opinion testimony about someone else's sincerity would not be helpful. The motion is GRANTED as to lay opinion testimony.

--**Rule 801(d)(2)(A): Party Admission:** The government seeks to preclude defendant from presenting or eliciting his own statements, unless he is testifying and may be cross-examined. A defendant's prior statements, not used against him, are not admissible under the hearsay exception Rule 801(d)(2)(A). Defendant's "self-inculpatory statements, when offered by the government are admissions of a party-opponent and are therefore not hearsay, but the non-self-inculpatory statements are inadmissible hearsay." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). A defendant's placement of his exculpatory statements "before the jury without subjecting himself to cross-examination" is "precisely what the hearsay rule forbids." *Id*. The Court GRANTS the motion precluding defendant from presenting or eliciting his own prior statements, unless he is testifying himself and subject to cross-examination by the government.

--**Rule 106: Rule of Completeness:** The government intends to introduce written or recorded statements made by defendant and asks the Court to preclude the defendant from

United States District Court
Northern District of California

5

offering, pursuant to the rule of completeness, additional portions of his oral statements that are inadmissible hearsay, irrelevant, or non-explanatory.

Rule 106, the "rule of completeness," provides that "if a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106; *see also United States v. Liera-Morales*, 759 F.3d 1105, 1111 (9th Cir. 2014). "The Rule does not, however, require the introduction of *any* unedited writing or statement merely because an adverse party has introduced an edited version." *United States v. Vallejos*, 742 F.2d 902, 905 (9th Cir. 2014). If the "complete statement does not serve to correct a misleading impression in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement." *Id*. (citations omitted).

If, after carefully and thoroughly considering the government's proffered statements the Court determines that the excerpts offered by the government are not misleading or taken out of context, the Court will grant the motion.

**--Rule 801(d)(1)(B): Prior Consistent Statements:** The government seeks an order precluding defendant from offering his own statements through another witness as prior consistent statements. To admit a prior statement under Rule 801(d)(1)(B): (1) the declarant must testify at trial and be subject to cross-examination; (2) there must be an express or implied charge of recent fabrication or improper influence or motive of the declarant's testimony; (3) the proponent must offer a prior consistent statement that is consistent with the declarant's challenged in-court testimony; and (4) the prior consistent statement must be made prior to the time that the supposed motive to falsify arose. *United States v. Collicot*, 92 F.3d 973, 979 (9th Cir. 1996).

Unless defendant testifies and these other conditions are met, if defendant attempts to elicit his prior statements through another witness the Court will grant the motion.

**--Rule 801(d)(2): Coconspirator Statements**: The government may present

testimony or statements by defendant's coconspirators.  The government asks the Court to preclude the defendant from eliciting from such witnesses his own hearsay statements pursuant to Rule 801(d)(2), since such statements are admissible only when offered against an opposing party.  Fed. R. Evid. 801(d)(2)(E).  If defendant attempts to offer his own statements as "coconspirator statements" under Rule 801(d)(2)(E), the Court will grant the motion.

--**Rule 803(3): Then Existing Mental, Emotional, or Physical Condition**:  The government asks the Court to preclude the defendant from admitting his own statements through Rule 803(3).  This Rule provides that the following are not excluded by the rule against hearsay:

> A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity to terms of the declarant's will.

Fed. R. Evid. 803(3).

In *United States v. Kahre*, 737 F.3d 554 (9th Cir. 2013), the Ninth Circuit considered a district court's exclusion of witness testimony about defendants' good faith belief regarding their violations of tax law.  Witness testimony "about the defendants' state of mind at the time, a subject about which [defendants] could be examined and cross-examined if they took the stand" is inadmissible hearsay. *Kahre*, 737 F.3d at 577 (citing *United States v. Bishop*, 291 F.3d 1100, 1110-11 (9th Cir. 2002)).  "[A] second-hand statement of memory or belief to prove the fact remembered" is "irrelevant hearsay." *Bishop*, 291 F.3d at 1110-11.

The Court will GRANT the motion precluding defendant from offering witness testimony about his then existing state of mind regarding his good faith belief because this is a subject about which defendant may be examined and cross-examined if testifying.

**Government Notice of Intent to Offer Out-of-Court Statements Into Evidence**

**(Docket No. 141):**  The government intends to offer into evidence out-of-court statements made by defendant and his coconspirators.  These statements include: Emails from defendant to the IRS regarding filing of Forms 1099-IED; emails from defendant and Maness to a Treasury Inspector General for Tax Administration (TIGTA) undercover Special Agent; statements made by defendant and Maness in video recordings obtained from the O.I.D. Process website; statements made by defendant and Maness in telephone conference calls obtained from the O.I.D. Process website; statements made by Maness contained in PayPal records of payments to coconspirators and others; and emails from Maness to clients of O.I.D. Process.

The government seeks to enter this evidence pursuant to Rules 801(d)(2)(A) and 801(d)(2)(E).  A statement is not hearsay if it "was made by the party in an individual or representative capacity" and is offered against the party.  Fed. R. Evid. 801(d)(2)(A).  Emails sent by defendant to the IRS regarding the filing of Forms 1099-OID, emails sent to the TIGTA undercover agent in efforts to recruit him as a client, and emails sent by defendant to clients of O.I.D. Process when offered against defendant are not hearsay.

A statement "made by the party's coconspirator during and in furtherance of the conspiracy" that is offered against the party is also not hearsay.  *Id.* 801(d)(2)(E).  The government must prove, by a preponderance of the evidence, "that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy."  *Bourjaily v. United States*, 482 U.S. 171, 175-76 (1987) (citations omitted).  "[C]o-conspirator statements are not testimonial" and therefore do not violate the Confrontation Clause.  *United States v. Allen*, 425 F.3d 1231, (9th Cir. 2005) (citing *Crawford v. Washington*, 541 U.S. 36, 68 (2003)).  If the government can prove, by a preponderance of the evidence, that the statements offered were made by defendant or during the course and in furtherance of a conspiracy involving the declarant and defendant, the statements should be admitted.

**Government Notice of Intent to Introduce Evidence of Other Crimes, Wrongs or Acts**

**(Docket No. 140):**     The government intends to introduce evidence of defendant's "other acts," including:

* Evidence defendant used a Filing Information Returns Electronically account with the IRS to submit Forms 1099-OID and 1099-A in support of fraudulent tax returns before and after July 2009
* Evidence defendant aided and assisted in the preparation of income tax returns for individuals in addition to those identified in the indictment
* Evidence defendant opened a JP Morgan Chase bank account (x9991) in the name "Duffy Dashner d/b/a/ K. Bauling," deposited a fraudulent check made to Kathleen Bauling in this account and transferred the proceeds to other bank accounts
* Evidence of defendant's tax filing and payment history from 2000-2013 and similar histories for his co-conspirators
* Evidence defendant structured the receipt from a bank account for Sunstar Funding, LLC his portion of fees paid by clients he assisted in filing fraudulent tax returns
* Evidence that defendant promoted the idea individuals need not file tax returns or pay taxes
* Evidence defendant sent frivolous correspondence to an IRS revenue agent and an IRS special agent after he learned he was under investigation for filing fraudulent returns

Evidence of defendant's past bad acts may be admissible under Rule 404(b) or as evidence "inextricably intertwined" with the criminally charged conduct.

Pursuant to Rule 404(b), evidence of "a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident." *Id*. 404(b)(2). A district court is "accorded wide discretion in deciding whether to admit such evidence," and "the test for admissibility is one of relevance." *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997); *United States v. Hadley*, 918 F.2d 848, 850 (9th Cir. 1990). "To be probative of something other than criminal propensity, the prior bad act evidence must: (1) prove a material element of the crime currently charged; (2) show similarity

between the pat and charged conduct; (3) be based on sufficient evidence; and (4) not be too remote in time." *Johnson*, 132 F.3d at 1282.  If relevance is established, "the district court should admit the evidence unless its prejudicial value substantially outweighs its probative value." *Id*.

The government contends that the evidence it seeks to admit is "inextricably intertwined" with the criminally charged conduct, and thus may be admitted without regard to Rule 404(b). "[E]vidence of prior acts may be admitted if the evidence 'constitutes a part of the transaction that serves as the basis for the criminal charge." *United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004).  And "prior acts may be admitted when it was necessary to do so in order for the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *Id*.

Here, defendant is charged with one count of conspiracy to submit false claims, in violation of Title 18 U.S.C. § 286 and two counts of aiding and assisting in the presentation of false income tax returns in violation of Title 26 U.S.C. § 7206(2).  The government must prove that defendant acted "willfully" to establish that he violated Section 7206(2).  *See* 26 U.S.C. § 7206(2).  "[T]he standard for the statutory willfulness requirement is the voluntary, intentional violation of a known legal duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991) (citations omitted).  Evidence of a defendant's history of tax filings "is clearly admissible on the issue of willfulness." *United States v. Camble*, 607 F.2d 820, 823 (9th Cir. 1979).

Evidence of defendant's tax filing and payment history, evidence that defendant used a FIRE account with the IRS, and evidence that defendant aided and assisted in the presentation of tax returns for individuals in addition to those listed in the indictment would be admissible as evidence "inextricably intertwined" with the underlying charge as probative of defendant's willfulness.

The Court reserves ruling until time of trial on evidence that defendant promoted the idea that individuals are not obligated to file tax returns or pay taxes, evidence of defendant's bank account

at JP Morgan Chase and transactions related to the fraudulent refund check in the name of Kathleen Bauling, and evidence of defendant's bank account in the name of Sunstar Funding, LLC may be admitted if necessary for the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.

**Government Notice of Intent to Offer Summary Expert Testimony and Summaries of Voluminous Evidence (Docket No. 137):**  The government intends to call Revenue Agent Ari Grellas to provide "summary-expert testimony" at trial.  The government also intends to introduce evidence summaries of voluminous evidence pursuant to Rule 1006.  The government clarified at the pretrial conference that it does not intend to elicit opinions from Agent Grellas concerning what the law is or what the IRS code requires, but rather to call him simply as a summary witness.

Rule 1006 allows for the use of "a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006.  The Rule requires the proponent to make the originals or duplicates available to other parties "at a reasonable time and place." *Id*.  Here, the government intends to introduce a number of summaries of voluminous IRS and financial records through the testimony of Agent Grellas and Information Technology Specialist Mark Everson.  The government states that all the records upon which the summaries will be based have already been provided to defendant in discovery and that copies of the Rule 1006 summaries and summary charts will be provided to the Court and defendant prior to when Grellas and Everson will be called as witnesses.

///

///

United States District Court
Northern District of California

The government notes that the summaries will not be finalized until shortly before their testimony because they will incorporate evidence admitted at trial.  The government shall supply defendant drafts of the summaries as soon as they are available.

**IT IS SO ORDERED.**

Dated:  June 2, 2015

_____
SUSAN ILLSTON
United States District Judge